## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 03 2018, 5:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnnie Jones-Gunn, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 3, 2018 <br><br> Court of Appeals Case No. <br> 71A05-1711-CR-2625 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jeffrey L. Sanford, Judge <br><br> Trial Court Cause No. <br> 71D03-1703-F5-46 |

**Baker, Judge.**

[1] Johnnie Jones-Gunn appeals his conviction for Carrying a Handgun Without a License, a Level 5 Felony.[1] Jones-Gunn argues that the evidence is insufficient to support his conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On March 18, 2017, South Bend police officers responded to a call regarding a gunshot wound victim at St. Joseph Regional Medical Center. When Officers Ryan Hiipakka and Blake Paturalski arrived at the hospital, they identified Jones-Gunn as the victim. Jones-Gunn had a gunshot wound that entered his right thigh and exited behind his right knee.

[3] Officer Hiipakka inspected the clothes that Jones-Gunn was wearing when he was shot. The officer noted that there was "one bullet defect behind the back-right knee area of the pants," where the bullet would have exited, but that there was no bullet defect on the front of the pants. Tr. p. 35. Officer Hiipakka also observed gunshot residue on the inside of Jones-Gunn's pants, but not on the outside.

[4] Jones-Gunn initially told the officers that he had been shot by an unknown person on Brookfield Street, which is in St. Joseph County. Officer Hiipakka informed Jones-Gunn that the physical evidence did not match that version of events. Jones-Gunn then admitted that he had accidently shot himself and that

---

[1] Ind. Code § 35-47-2-1.

he was not supposed to be in possession of a handgun. The officers asked Jones-Gunn about the location of the gun, and he told Officer Paturalski that he had thrown it in the river.

[5] On March 23, 2017, the State charged Jones-Gunn with Class A misdemeanor carrying a handgun without a license and sought to enhance it to a Level 5 felony. A bifurcated jury trial took place on September 21, 2017. First, the jury found Jones-Gunn guilty of Class A misdemeanor carrying a handgun without a license. Second, the jury found that, because Jones-Gunn had a 2012 Class C felony conviction, his misdemeanor should be enhanced to a Level 5 felony. At the sentencing hearing on November 8, 2017, the trial court vacated the misdemeanor conviction and sentenced Jones-Gunn to three years incarceration for the felony conviction. Jones-Gunn now appeals.

## Discussion and Decision

[6] Jones-Gunn argues that there is insufficient evidence supporting his conviction. Specifically, Jones-Gunn contends that the State failed to prove he possessed a handgun and failed to prove that he was in St. Joseph County when he possessed it. When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010). Instead we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is

appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

[7] To convict Jones-Gunn of Level 5 felony carrying a handgun without a license, the State must prove beyond a reasonable doubt that he knowingly or intentionally carried a handgun on or about his body without being licensed, and that he had been convicted of a felony within fifteen years before the date of the offense. I.C. § 35-47-2-1.

[8] There is substantial physical evidence supporting the jury's conclusion that Jones-Gunn possessed a handgun. Testimony regarding the location of a bullet defect near the exit wound, but no defect near the entrance wound, suggests that Jones-Gunn was carrying a handgun in his waistband when it accidentally discharged. Additionally, testimony that there was gunshot residue only on the inside of his pants further suggests that he had been carrying a handgun when he shot himself. Moreover, both Officers Hiipakka and Paturalski testified that Jones-Gunn admitted to accidentally shooting himself.

[9] Jones-Gunn contends that the State's evidence is insufficient because the testimony of Officers Hiipakka and Paturalski provided "slightly different versions of . . . how he [Jones-Gunn] suffered the gunshot wound." Appellant's Br. p. 7. This amounts to an invitation to reweigh the evidence and assess the credibility of the witnesses, which we decline to do. We find the evidence sufficient to support the jury's conclusion that Jones-Gunn possessed a handgun.

[10] Jones-Gunn's second argument is somewhat unclear, but he appears to be arguing either that venue was improper or that the evidence did not show that he committed the offense in St. Joseph County. To the extent he makes a claim of improper venue, we note that Indiana Trial Rule 12(H) provides that the failure to raise the defense of improper venue is waived if it is not made in the responsive pleading or by motion prior to the filing of a pleading. Here, there is no indication in the record that Jones-Gunn ever raised a venue objection in the trial court, or early in the proceedings. Jones-Gunn cannot raise a venue objection on appeal, without having objected earlier in the proceedings.

[11] Additionally, to the extent he argues that the evidence does not support a conclusion that he possessed the weapon in St. Joseph County, we note that he told officers the shooting occurred on Brookfield Street, which is in St. Joseph County, and that he told Officer Paturalski that he threw the gun in the river. Tr. p. 88. A reasonable factfinder could infer that the river was the St. Joseph River, located in St. Joseph County, given that Jones-Gunn sought treatment at St. Joseph Regional Medical Center. In either event, therefore, this argument is unavailing. In sum, we find the evidence sufficient to support Jones-Gunn's conviction.

[12] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.